Len W. **STICKMAN–SAM,** Petitioner,

v.

**STATE of Alaska,** Respondent.

No. A–9307.

Court of Appeals of Alaska.

May 12, 2006.

James M. Hackett, Law Office of James M. Hackett, Fairbanks, for the Petitioner.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### *OPINION*

COATS, Chief Judge.

This case requires us to construe Criminal Rule 18(e), which allows defendants to request alternative venue sites in criminal cases.

The State charged Len W. Stickman–Sam with manslaughter. This offense was alleged to have occurred at or near Galena. Under Criminal Rule 18(b) and the accompanying table of venue locations, Superior Court Judge Charles R. Pengilly set Stickman–Sam's trial in Fairbanks.

Stickman–Sam filed a timely motion under Criminal Rule 18(e) for a change of venue to Nenana. Rule 18(e) provides that, after venue is initially assigned, "a defendant may move by right for the setting of venue in [another] approved trial site location if [that] location is the community within the venue district with trial facilities nearest the place where the alleged crime was committed."

The Administrative Director of the Court System has approved Nenana as a felony trial location. *See* Administrative Bulletin No. 27 (as amended effective February 19, 2004). However, Judge Pengilly rejected Stickman–Sam's request for a change of venue to Nenana because he concluded that Nenana was not the court location "nearest the place where the alleged crime was committed"—that is, nearest Galena.

Judge Pengilly acknowledged that, geographically speaking, Galena is nearer to Nenana than it is to Fairbanks. But Judge Pengilly noted that, as a practical matter, Galena is "nearer" to Fairbanks—because a person wishing to travel between Galena and Nenana must normally travel through Fairbanks. The judge concluded that Criminal Rule 18(e) should be interpreted as referring to alternative court locations that are "nearest" to the site of the crime as a matter of

travel and logistics, rather than as a matter of geography.

For the reasons explained here, we conclude that this is not the proper interpretation of Criminal Rule 18(e)—that, regardless of available transportation routes, Rule 18(e) refers to a court location's geographic proximity to the site of the alleged crime. We accordingly reverse Judge Pengilly's ruling and direct that Stickman–Sam's trial be held in Nenana.

*Why we conclude that Criminal Rule 18(e) refers to geographic proximity rather than logistical proximity*

As this Court pointed out in *John v. State*,[1] Criminal Rule 18 was designed to carry out the Alaska Supreme Court's landmark decision in *Alvarado v. State*.[2] In *Alvarado*, the supreme court held that the Alaska Constitution guarantees criminal defendants the right to have a jury selected from a pool that represented "a fair cross section of the community in which the crime occurred[.]"[3] In light of the "profound cultural differences"[4] that separate the life of a typical Alaskan villager from the type of existence led by residents of the larger cities of this state, the supreme court held that it is unlawful for a trial court to draw juries solely from the larger cities to decide the cases of defendants charged with committing crimes in rural villages.[5]

In order to comply with *Alvarado*, Alaska Criminal Rule 18 divides the state into twenty-five superior court venue districts. Each venue district is centered around a city or town designated as a suitable site for felony trials. Under Criminal Rule 18(b), Fairbanks is the presumptive site for a felony trial for a case that arises in the venue district in which Galena is located.

Criminal Rule 18(e) gives defendants the right to demand venue in an alternative site if that site has been approved by the Administrative Director and if that site "is the community within the venue district with tri-

---

1. 35 P.3d 53, 55–56 (Alaska App.2001).

2. 486 P.2d 891 (Alaska 1971).

3. *Id.* at 903.

4. *Id.* at 894.

5. *Id.* at 899–901.

al facilities nearest the place where the alleged crime was committed."

Judge Pengilly recognized that the geographical distance between Nenana and Galena was shorter than the geographical distance between Fairbanks and Galena. But Judge Pengilly noted that the most economical and efficient way to travel between Galena and Nenana was by commercial air carrier—and the commercial carriers all use Fairbanks as their hub. Thus, anyone traveling between Galena and Nenana must make an intermediate stop in Fairbanks.

Based on this, Judge Pengilly concluded that, in a practical sense—that is, for the purpose of transporting attorneys, witnesses, court personnel, and law enforcement officers—Galena is "closer" to Fairbanks than it is to Nenana.

Judge Pengilly's reasoning makes sense, but it gives insufficient weight to the underlying purpose of Criminal Rule 18. As we explained above, Criminal Rule 18 was intended to codify the Supreme Court's decision in *Alvarado*. And *Alvarado* is based on the premise that, when a crime is committed in rural Alaska, the defendant has a right to a jury pool drawn from a rural community. The *Alvarado* court condemned the process of bringing defendants charged with committing crimes in rural villages into the larger cities of Alaska, where their fate would be decided by urban juries.

The supreme court expressly recognized that its ruling would, in all likelihood, result in an increase in expenditures.[6] But the court concluded that no monetary savings "would justify the perpetuation of a system which denies to a large segment of our citizens the opportunity to participate in our system of justice."[7] Thus, the supreme court rejected administrative convenience and monetary savings in favor of providing the defendant with a jury pool that represented "a fair cross section of the community in which the crime occurred[.]"[8]

Against this background, we conclude that when Criminal Rule 18(e) speaks of the approved court location "nearest the place where the alleged crime was committed," the rule is referring to geographic proximity rather than ease of transportation and logistics. Ease of transportation and logistics will almost always favor holding the trial in an urban center—thus defeating the policy of *Alvarado*. Geographic proximity best serves the aim of obtaining jurors who are more likely to share the culture and life experience of the community where the crime occurred.

We accordingly conclude that the superior court should have granted Stickman–Sam's motion for a change of venue to Nenana.

REVERSED.

---

6. *Id.* at 905.

7. *Id.* at 905.

8. *Id.* at 903.